UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK BEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TONIA MARIE NERVIS,<br><br>　　　　Defendant. | Case No. 19-cv-08328-HSG<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

For the reasons noted below, the Court *sua sponte* **DISMISSES** this action for lack of subject matter jurisdiction.

I. **BACKGROUND**

On December 20, 2019, Plaintiff Kirk Bey filed a complaint against Defendant Tonia Marie Nervis. Dkt. No. 1 (Compl.) at 3. Plaintiff's allegations appear to arise from a family law case that is proceeding in California state court between the two parties and certain real property at issue in that case. *Id.* at 4 (referencing *Nervis v. Nervis* case, "marriage contract[]," and no longer identifying with "Artificial Entity Kirk Eugene Nervis"). Plaintiff alleges that "as an Aboriginal American Moor," he has a "birthright entitlement" to property "under [his] Moor Nation Trust," and that "the State of California and its [sic] subject Tonia Marie Nervis are accusing [him] of defaulting against their judgment." *Id.* at 3, 4. Plaintiff further alleges that because he "is not a subject of the United State[s of America]," the state family law case should "be dismissed for lack of jurisdiction." *Id.* at 6.

II. **ANALYSIS**

A federal court must dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists."

*Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks omitted). The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). The party invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

The Court finds that Plaintiff has failed to establish subject matter jurisdiction and dismisses the case. First, Plaintiff fails to identify any basis for federal question jurisdiction. Aside from listing citations to a treaty provision detailed at Article VI of the United States Constitution, a criminal statute (18 U.S.C. § 242), and the jurisdictional statute itself, Plaintiff fails to allege any claims or causes of action under these statutes. To establish jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see also Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 (1989). Plaintiff has failed to do so here.

Second, Plaintiff also fails to establish diversity jurisdiction. There are no allegations that there is complete diversity in this case or that the minimum amount in controversy requirement is met. Additionally, unlike other cases brought by Plaintiff in this same district, *see Bey v. Dimon*, No. 19-CV-07122-PJH, 2020 WL 999548, at *1 (N.D. Cal. Mar. 2, 2020), *Bey v. Gascon*, No. 19-CV-03184-WHO, 2019 WL 5191012, at *7 (N.D. Cal. Oct. 15, 2019), Plaintiff's allegations in this case concern a family law judgment issued in state court. It is thus possible that this case falls within the domestic relations exception for diversity jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."). However, the Court need not reach that question given that even the basic requirements for diversity jurisdiction are not met.

On March 18, 2020, the Court issued an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction, given that the Complaint failed to clearly identify any cause(s) of action. *See* Dkt. No. 14. Plaintiff was given until April 15, 2020 to respond. He failed to do so.

1   Finding that no federal question is present on the face of the Complaint, and that Plaintiff
2   failed to plead complete diversity and amount in controversy to establish diversity jurisdiction, the
3   Court **DISMISSES** this action **WITH PREJUDICE**.  The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated:   5/1/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge